[934 NYS2d 105]

In the Matter of ANTHONY RAHMANAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 22, 2011

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Richard E. Grayson*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Anthony Rahmanan was admitted to the practice of law in the State of New York by the Second Judicial Department on March 16, 1988. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Respondent, acknowledging that there is a pending investigation before the Departmental Disciplinary Committee (Committee) related to a complaint alleging professional misconduct filed against him, seeks to freely and voluntarily resign from the practice of law. Respondent acknowledges that if the Committee brought charges against him related to the pending complaint, he could not successfully defend himself on the merits. With respect to the complaint filed against him, respondent states that M.B. Jones alleges that she invested $150,000 with respondent and Capital Lending Group, LLC, a company of which respondent is a member. The funds were deposited into respondent's IOLA account to be used in connection with a real estate investment and for which Ms. Jones was promised an annual rate of return of 6.5%. While respondent and his company initially made timely interest payments, the payments ceased, and demands by Ms. Jones that he return all of her principal and accrued interest went unanswered.

The Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys. We hereby grant the Committee's application.

According to 22 NYCRR 603.11, when an attorney "who is the subject of an investigation into allegations of misconduct or who is the subject of a disciplinary proceeding" (22 NYCRR 603.11 [a]), submits an affidavit to the Committee seeking resignation, we have the discretion to allow resignation provided the attorney states that the resignation is freely and voluntarily rendered (22 NYCRR 603.11 [a] [1]); that the attorney is aware of a pending investigation or disciplinary proceeding (22 NYCRR 603.11 [a] [2]); and "that if charges were predicated upon the misconduct under investigation, [the attorney] could not successfully defend himself on the merits" (22 NYCRR 603.11 [a] [3]).

Here, respondent's affidavit complies with 22 NYCRR 603.11 and insofar as he acknowledges his professional misconduct, the

Committee's motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to June 28, 2011 (*Matter of Davis*, 88 AD3d 314 [2011]).

FREEDMAN, J.P., RICHTER, ABDUS-SALAAM, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 28, 2011.