# Smart-Fill Mgmt. Group, Inc. v PersonalRx NYC LLC

## 2024 NY Slip Op 31973(U)

### June 4, 2024

### Supreme Court, Kings County

### Docket Number: Index No. 500252/2024

### Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
------------------------------------------x
SMART-FILL MANAGEMENT GROUP, INC.,

                            Plaintiff,          Decision and order

        - against -                             Index No. 500252/2024

PERSONALRX NYC LLC,

                            Defendants,         June 4, 2024
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                    Motion Seq. #3


The plaintiff has moved pursuant to CPLR §3212 seeking summary judgement on the first, third and fourth causes of action of the complaint alleging breach of contract, account stated and replevin. The defendant has opposed the motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

The plaintiff is a group purchasing organization (GPO) that procures favorable prices for its members who are pharmacies. On November 1, 2023 the plaintiff and defendant and non-party ABDC entered into an agreement whereby the defendant would purchase pharmacy products from ABDC each month in the amount of $300,000. According to the complaint, through December 13, 2023 the defendant owed $739,842.76 (see, Verified Complaint, ¶23 [NYSCEF Doc. No. 2]). The complaint alleges that as of that date the money was due and owing and commenced this action. The plaintiff now moves seeking summary judgement the defendant owes the amount stated. The plaintiff asserts there are no questions of fact that amount is owed. The defendant opposes the motion arguing

[*1]

there are questions of fact which foreclose a summary determination at this time.

## Conclusions of Law

Where the material facts at issue in a case are in dispute summary judgment cannot be granted (Zuckerman v. City of New York, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (Marino v. Jamison, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021).

It is well settled that to succeed upon a claim of breach of contract the plaintiff must establish the existence of a contract, the plaintiff's performance, the defendant's breach and resulting damages (Harris v. Seward Park Housing Corp., 79 AD3d 425, 913 NYS2d 161 [1st Dept., 2010]). Further, as explained in Gianelli v. RE/MAX of New York, 144 AD3d 861, 41 NYS3d 273 [2d Dept., 2016], "a breach of contract cause of action fails as a matter of law in the absence of any showing that a specific provision of the contract was breached" (id).

Paragraph 4(b) of the Smart-Fill ABDC Member Agreement states that "Member will repay Smart-Fill if Smart-Fill has paid ABDC on Member's behalf" (see, Agreement, ¶4(b) [NYSCEF Doc. No.

[* 2]

42]). There is no dispute that Smart-Fill paid ABDC on behalf of the defendant and that therefore the defendant owes the money to the plaintiff. The defendant argues the agreement is not clear when payments are due. However, the agreement's summary table states that payments are due "semi-monthly" (id). There is further no dispute that 'semi-monthly' means twice a month (see, Language Tips, New York State Bar Journal, by Gertrude Block [June 2012]). Thus, there can be no dispute the defendant failed to make any payments, and surely failed to make two payments in the month of November. Therefore, the defendant breached the agreement. Moreover, there is no evidence the plaintiff likewise breached the agreement. Further, Paragraph 9.6 of the agreement's exhibit states that "ABDC and Smart-Fill will recover from Member all costs they incur, including reasonable attorneys fees, in connection with enforcing their rights under this Agreement" (see, Exhibit to Agreement, ¶9.6 [NYSCEF Doc. No. 42]). While the question of reasonable attorney's fees may be pursued there are no questions of fact the defendant breached the agreement by failing to make any payments and that the plaintiff is entitled to attorney's fees.

Next, an account stated "is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them" (see, Episcopal

3

[*3]

<u>Health Services, Inc. v. Pom Recoveries, Inc.</u>, 138 AD3d 917, 31 NYS3d 113 [2d Dept., 2016]). A cause of action for account stated presents "an alternative theory of liability to recover the same damages allegedly sustained as a result of the breach of contract" (<u>A. Montilli Plumbing & Heating Corp.</u>, 90 AD3d 961, 935 NYS2d 647 [2d Dept., 2011]). The court has already granted the motion seeking summary judgement on a breach of contract claim. Thus, there is no basis for a duplicative claim for account stated. Therefore, the motion seeking summary judgement on this cause of action is denied.

Lastly, to establish a claim for replevin "a party must show (1) that it has a superior possessory right to the chattel, and (2) that it made a demand for possession of the chattel from the defendant" (<u>see</u>, <u>Douglas v. Harry N. Abrams Inc.</u>, 2018 WL 1406616 [S.D.N.Y. 2018]). In this case, replevin is sought concerning the goods delivered. There has been no substantive opposition raising any questions of fact in this regard. Therefore, the motion seeking summary judgement on the replevin cause of action is granted.

Thus, the motion seeking summary judgement on the breach of contract claim and the replevin claim is granted. The precise amount of attorney's fees to which the plaintiff is entitled shall be decided at a hearing before a judicial hearing officer. The parties will be notified of the date and time of such

hearing.

So ordered.


ENTER:



DATED: June 4, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC